UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRIBECA LOFTS, L.P., | § | CASE NO. 10-40799 |
| | § | |
| DEBTOR. | § | |

MOTION FOR INTERIM AND FINAL ORDERS
**AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN FIFTEEN (15) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF ITS REQUEST TO USE CASH COLLATERAL ON AN INTERIM BASIS.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

TRIBECA LOFTS, L.P. (the "Debtor") files its *Motion for Interim and Final Orders Authorizing the Debtor's Use of Cash Collateral* (the "Motion"), and represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue

is proper in this district pursuant to 28 U.S.C. §§ 1409 and 1409.  The statutory predicates for the relief requested in this Motion are §§ 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

2.      On December 3, 2010 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or creditors committee has been appointed in the case.

3.      The Debtor owns a building consisting of 26 loft offices and other amenities (the "Property").  The Property is located in midtown Houston, Texas, and leases its units for commercial purposes.  Currently the Property is 85% occupied.

4.      The bankruptcy case was filed primarily to avoid the foreclosure of the Property by Wells Fargo Bank, N.A., Trustee for the Holders of J.P.MorganChase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates Series 2004-CIBC8 ("Wells Fargo Bank, Trustee").

**The Debtor's Prepetition Secured Debt to the Noteholder**

5.      The Debtor is the maker of a promissory note payable to J.P.MorganChase Bank in the original principal amount of $2,475,000.00 (the "Note").  A copy of the Note is attached as **Exhibit A**.[1]  Concurrent with the execution of the Note, the Debtor executed a Deed of Trust and Security Agreement ("Deed of Trust").  See **Exhibit B**.  The Deed of Trust and the Note are referred to as the "Loan Documents."  The Debtor's obligations to the Wells Fargo Bank, Trustee under the Note are secured, in part, by a security interest in the Property and the rents

---

[1] Due to the voluminous nature of these exhibits, copies of the Note and Deed of Trust are not being served on all parties with this Motion.  Copies of the exhibits may be obtained by requesting a copy from Debtor's counsel or from the Clerk of the Bankruptcy Court during regular business hours.

derived therefrom (the "Collateral").  The rents derived from the Property constitute "cash collateral" as that term is defined under Section 363(a) of the Bankruptcy Code.

6.  The Debtor has paid all principal and interest currently accrued pursuant to the terms of the Note, together with an escrow in the amount of $77,359.00 for the payment of 2010 ad valorem taxes and an escrow in the amount of $8,643.00 for the payment of insurance premiums..

## DISCUSSION

**Cash Collateral**

7.  Under Section 363(c) of the Bankruptcy Code, a debtor may use cash collateral if all interested entities consent or the court authorizes such use (11 U.S.C. § 363(c)(2)).  The court may authorize such use upon a showing that those with an interest in the cash collateral are adequately protected.  *In re Harrington & Richardson, Inc.*, 48 B.R. 431 (Bankr. D. Mass. 1985); *see also In re Certified Corp.*, 51 B.R. 768, 770 (Bankr. D. Haw. 1985) ("[A] debtor is entitled to use cash collateral upon proof of adequate protection.").  Also, Section 363(e) of the Bankruptcy Code requires that the use of cash collateral be conditioned as is necessary to provide adequate protection to persons that have an interest in cash collateral (11 U.S.C. § 363(e)).  Although the term "adequate protection" is not precisely defined in the Bankruptcy Code, Section 361 sets forth three non-exclusive examples of what may constitute adequate protection: (i) periodic cash payments equivalent to any decrease in value; (ii) an additional or replacement lien on other property; or (iii) other relief that provides the indubitable equivalent.  *See In re Curtis*, 9 B.R. 110, 111-12 (Bankr. E.D. Pa. 1981).

**Adequate Protection**

8.  This Court should authorize the Debtor's use of cash collateral pursuant to Section 363 of the Bankruptcy Code so that the Debtor can pay the expenses relating to the

operation of the Property. Wells Fargo Bank, Trustee's existing lien will be adequately protected by the expenditure of cash collateral for the ordinary and necessary expenses of maintaining and operating the Property. In addition, and consistent with Section 362(d), the Debtor will make monthly adequate protection payments to Wells Fargo Bank, Trustee in an amount equal to principal and interest at the non-default contract rate, together with the monthly tax escrows.

9. The Debtor needs the use of cash collateral to pay for the ordinary and necessary expenses of maintaining the Property. A proposed budget is attached as **Exhibit C**. A three-week budget is attached as **Exhibit D**. The result of the proposed expenditures will be a stable Property with a continuing stream of rents, thus providing additional adequate protection to Wells Fargo Bank, Trustee. *See In re McCombs Properties VI, supra*, 88 B.R. at 267 (finding that by committing cash collateral to pay operating expenses and to maintain the property, the debtor has substantially eliminated the risk of diminution of the secured creditor's interest in the cash collateral); *In re T.H.B. Corp.*, 85 B.R. 192 (Bankr. D. Mass. 1988) (finding that adequate protection exists where the stream of cash collateral will remain at an approximate even level over a sustained period with new proceeds replacing old). If the Debtor is not authorized to spend cash collateral, the Debtor would encounter the possibility of being forced to cease operations thereby risking the loss of tenants and the income stream resulting therefrom.

**Request for Emergency Interim Relief**

10. Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that this Court conduct a preliminary hearing on an emergency basis. As set forth in the attached budgets, the Debtor requires use of cash collateral to maintain the operation of the Property. The failure to timely pay the obligations associated with the operation of the Property will result in immediate and irreparable harm to the Property and the Debtor's estate. The Debtor seeks the emergency use of cash collateral on a limited basis in accordance with **Exhibit D** pending a final hearing.

Because the Debtor's request for interim authorization seeks the use of only that amount as is necessary to avoid immediate and irreparable harm to its estate pending a final hearing, its request complies with Bankruptcy Rule 4001(b)(2).

## NOTICE

11. Notice of the hearing on the Motion and the proposed Cash Collateral Order will be provided by hand delivery, e-mail, telecopy, overnight mail, or courier, to counsel to: (i) the United State Trustee; (ii) Wells Fargo Bank, Trustee; (iii) any entity claiming an interest in the collateral; (iv) the unsecured creditors of the Debtor; (v) the governmental agencies required to be served pursuant to Bankruptcy rule 2002(j); (vi) all known other secured creditors; and (vii) all parties requesting notice pursuant to Bankruptcy rule 2002.

## CONCLUSION

12. For the reasons set forth above, the Debtor requests that the Court enter an interim order authorizing the Debtor to use Cash Collateral during the Interim Period in accordance with, and subject to the limitations contained in, **Exhibit D**. The Debtor also requests that the Court schedule a final hearing on the Debtor's request to use Cash Collateral after the Interim Period as set forth above and grant such other just relief.

Dated: December 3, 2010.

Respectfully submitted,

/s/ *Joel P. Kay*
Joel P. Kay             TBN 11121000
jpkay@hwa.com
J. Mark Davis           TBN 05518200
jmdavis@hwa.com
HughesWattersAskanase, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002
Telephone: 713-759-0818
Facsimile:  713-759-6834
COUNSEL FOR THE DEBTOR

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was duly served by first class U.S. mail, postage prepaid, and/or by ECF and/or by email, on the parties shown on the attached Service List on December 3, 2010.

/s/ Joel P. Kay
Joel P. Kay

1826493-1:TRIBECA:0001

**Service List**
Case No. 10-40799

**Debtor**
Tribeca Lofts LP
1210 West Clay
Houston, TX 77019

**U.S. Trustee's Office**
Nancy Lynne Holley
515 Rusk St., Ste. 3516
Houston, TX 77002

**Secured Creditor**
Berkadia Commercial Mortgage
118 Welsh Road
Horsham, PA 19044

**Unsecured Creditors**
Andrews Myers Coulter & Hayes, P.C.
3900 Essex Lane, Suite 800
Houston, Texas 77027

Century Air Conditioning
P.O. Box 201864
Houston, Texas 77216

Commercial Washer
2215 Congress Street
Houston, Texas

Dakota Lofts
711 William Street
Houston, Texas 77002

Element Architects
1210 West Clay, No. 11
Houston, Texas 77019

Hogg Palace
401 Louisiana
Houston, Texas 77002

Johnson Supply
10151 Stella Link Road
Houston, Texas 77025

Konica Minolta Business Solutions
21146 Network Place
Chicago, IL 60673-1211

Message America
P.O. Box 682812
Houston, Texas 77268

Namco Manufacturing
P.O. Box 4355
Houston, Texas 77210-4355

Plant Interscapes
5436 Babcock Road
San Antonio, Texas 78249

Randall Davis Company
1210 West Clay
Houston, Texas 77019

Reliant Energy
P.O. Box 650475
Dallas, Texas 75265-0475

Safe Rent
P.O. Box 402453
Atlanta, GA 30384-2453

Southwest Irrigation Systems, Inc.
PMB 401
3350 Highway 6
Sugar Land, Texas 77478

TBG Partners
901 South MoPac
Building 2, Suite 350
Austin, Texas 78746

The PDC Group
14011 Park Drive, Suite 209
Tomball, Texas 77377

1831553-1:TRIBECA:0001

**Service List**
**Case No. 10-40799**

**Parties-in-Interest**
Amy Meredt Ell
d/b/a Gyrotonic R Houston
1210 West Clay
Houston, Texas 77019

Constance Braden
d/b/a Houston Iyengar Yoga
1210 West Clay
Houston, Texas 77019

Dan Sudduth
d/b/a 1 Office
1210 West Clay
Houston, Texas 77019

Farrah Rhea Braniff
1210 West Clay
Houston, Texas 77091

GT Leach Construction
1210 West Clay
Houston, Texas 77019

Hargrave Electric Company, Inc.
P.O. Box 691729
Houston, Texas 77269-1729

Hope Stone Inc.
1210 West Clay
Houston, Texas 77019

James McElhaney and Kim McElhaney
1210 West Clay
Houston, Texas 77019

Kimberly Marler
d/b/a Davenport & Novotny
1210 West Clay
Houston, Texas 77019

Pepi Corporation
Attn:  Albert Pepi
1210 West Clay
Houston, Texas 77019

Sue Gorman Associates, LP
1210 West Clay
Houston, Texas 77019

The American Legion
Southern Pacific Lines
Post 416
1216 West Clay
Houston, Texas 77019

Tom Hair
d/b/a Axiom  Design
1210 West Clay
Houston, Texas 77019

Valorie Davenport
d/b/a Davenport & Novotny
1210 West Clay
Houston, Texas 77019

1831553-1:TRIBECA:0001